## MARY A. LEITHEAD, ADMINISTRATRIX, &c., v. WEST JERSEY AND SEASHORE RAILROAD COMPANY.

Argued November 9, 1908—Decided February 23, 1909.

Plaintiff's intestate, sitting in a carriage, drove in daylight upon a railroad crossing and was killed by a passing train. At a distance of twenty-four feet from the nearest rail of the southbound track and thirty-eight feet from the nearest rail of the northbound track on which the train was moving, and from that point forward, he would have had, if he had looked, an unobstructed view for more than a mile of the track in the direction from which the train was coming. There was nothing present to interfere with the free use of vision or hearing, nor to distract his attention. *Held*, that plaintiff's intestate was guilty of contributory negligence.

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and TRENCHARD.

For the plaintiff, *Higbee & Coulomb.*

For the defendant, *Bourgeois & Sooy.*

The opinion of the court was delivered by

TRENCHARD, J. This action was brought to recover damages for the death of the plaintiff's intestate, who was killed by the train of the defendant company at a grade crossing at Germania in Atlantic county.

The trial resulted in a verdict in favor of the plaintiff.

The defendant was allowed a rule to show cause why this verdict should not be set aside and a new trial granted.

It is conceded that there was evidence justifying a finding of negligence upon the part of the defendant company in failing to give the statutory signals. But it is insisted that the motion to nonsuit the plaintiff upon the ground of con-

tributory negligence, made at the trial, should have been granted.

We think the plaintiff's intestate was guilty of negligence which proximately contributed to the collision.

The evidence exhibited the following facts: The plaintiff's intestate, James L. Goldthrope, was driving along Cologne avenue at five o'clock in the afternoon of June 24th, 1907, seated in a carriage. The carriage was an ordinary farmer's carriage, with curtains on the sides and rear. The side curtains were raised, enabling Mr. Goldthrope to see out both sides. The avenue is crossed by the double track railroad of the defendant company. The train which killed Goldthrope was going north on the northbound track; Goldthrope was traveling from west to east. Mr. Goldthrope drove his horse at a walk over the southbound track and near or upon the northbound track, then looked both ways, "turned deadly pale," and immediately turned his horse to the left; the horse itself was not moving any nearer the track after Goldthrope saw the train than it was at the time Mr. Goldthrope looked in both directions and turned pale. The horse was struck on the hip by the engine and Mr. Goldthrope was killed.

It further appeared that at a point in the highway twenty-four feet distant west from the nearest rail of the southbound track, and thirty-eight feet from the nearest rail of the northbound track on which the train was moving, and from that point forward, there was an unobstructed view for more than a mile down the straight track in the direction from which the train was coming. It further appeared that there was nothing present to interfere with the free use of vision and hearing, nor to distract his attention.

It thus clearly appeared that if the plaintiff's intestate had used his eyes, as he was legally bound to do, he would have seen the approaching train in time to have avoided the collision. His failure so to do was negligence which contributed to the collision, and the motion to nonsuit should have been granted. *Pennsylvania Railroad Co.* v. *Righter,* 13 *Vroom* 180.

The rule to show cause will be made absolute.